COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ESMERALDA RUIZ,                                            )

                                                                              )              
No.  08-01-00287-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )         
168th District Impact Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20000D04505)

                                                                              )

 

 

O
P I N I O N

 

Esmeralda Ruiz
appeals her conviction for the possession of marijuana over 50 pounds but less
than 2,000 pounds.  A jury found
Appellant guilty and assessed a punishment of 3 years=
and 6 months=
imprisonment.  Appellant filed a motion
for new trial and after a hearing, the trial court denied the motion.  Appellant timely appealed.  Appellant brings three issues for
review:  (1) whether the trial court
erred in denying her request for a Ano-adverse-inference@ punishment instruction regarding her
failure to testify; (2) whether the trial court erred in not taking corrective
action when the prosecutor improperly commented during closing argument in the
punishment phase of the trial on her failure to testify; and (3) whether the
trial court erred in denying Appellant=s
motion for new trial based on Issues One and Two.  We reverse and remand the cause to the trial
court for a new sentencing proceeding only. 








On September 16,
2000, Appellant was the driver and sole occupant of a blue pickup truck, attempting
to cross the Bridge of the Americas, a port of entry into El Paso, Texas from
Ciudad Juarez, Mexico.  At the initial
inspection, the inspection officer identified the pickup truck=s license plate as a Alookout vehicle@
and directed Appellant to a secondary inspection station for a search of the
vehicle.  During the search, inspection
officers removed the truck=s
bed liner and located 93.15 pounds of marijuana inside the false bed of the
truck.

Appellant pled not
guilty to the charge of possession of more than 50 pounds but less than 2,000
pounds of marijuana.  At the
guilt/innocence phase of the trial, Appellant testified in her own
defense.  Appellant stated that she was
getting ready to go to work that evening when she received a call from her
sister, informing her that their mother had become very ill.  Appellant left El Paso and drove to Juarez in
her car to visit her mother.  When
Appellant arrived, she took her mother to buy medicine and then brought her
home.  Appellant told her mother that she
was leaving because she needed to get to work. 
When she got into her car, she found that it would not start up.  Her mother=s
boyfriend examined the car and told her that there was a problem with the
battery.  Appellant went back inside and
called Andy Gonzalez, a friend she had known for four or five months, to ask if
he would lend her his car.  Appellant did
not notice anything unusual about his truck and Appellant denied having any
knowledge that it contained marijuana. 
Appellant testified to no further contact with Andy Gonzalez.  The jury found Appellant guilty of the
offense alleged and after a punishment hearing sentenced Appellant to three
years and six months=
confinement.








In her first issue
for review, Appellant complains that the trial court erred in refusing her
request for a Ano-adverse-inference@ instruction in the punishment charge
regarding her right not to testify. 
Though Appellant elected to waive her Fifth Amendment right against 

self-incrimination when she
testified during the guilt/innocence phase of the trial, Appellant argues that
she was entitled to a no-adverse-inference instruction concerning her failure
to testify during the punishment phase. 
Appellant argues the trial court=s
action abridged her guaranteed right under the Fifth Amendment to the United
States Constitution.  We agree.

A criminal
defendant cannot be compelled to be a witness against herself.  U.S.
Const. Amend. V, cl. 3.  A
defendant=s right
not to testify continues beyond conviction until after a defendant has been
sentenced.  Beathard v. State, 767
S.W.2d 423, 432 (Tex.Crim.App. 1989); Brown v. State, 617 S.W.2d 234,
236-37 (Tex.Crim.App. 1981).  Further, a
defendant has a right to a no-adverse-inference instruction, which concerns the
fact a defendant elects not to testify, at the punishment stage of the
trial.  White v. State, 779 S.W.2d
809, 828 (Tex.Crim.App. 1989), cert. denied, 495 U.S. 962, 110 S.Ct.
2575, 109 L.Ed.2d 757 (1990); Beathard, 767 S.W.2d at 432; Brown,
617 S.W.2d at 238.  

A defendant waives
the right to a no-adverse-inference instruction unless she either requests that
the trial court add the instruction to its charge at the punishment stage or
objects to the omission of such instruction. 
See Brown, 617 S.W.2d at 238. 
Here, the record shows that Appellant objected to the omission of the
no-adverse-inference instruction in the punishment charge and orally requested
such instruction.  The trial court denied
Appellant=s
objection, reasoning that Appellant=s
Fifth Amendment waiver during the guilt/innocence stage of the trial continued
into the punishment stage.  The trial
court=s denial
of the instruction was erroneous.








Finding error, we
must now determine whether such error is reversible.  We reverse upon a finding of error, unless we
determine beyond a reasonable doubt that the error did not  contribute to Appellant=s punishment.  Tex.R.App.P.
44.2 (a).  Since this is a case of
charging error with timely objection, we reverse only if the error was
calculated to injure the rights of Appellant, i.e. there must be some harm to
the accused from the error.  See White,
779 S.W.2d at 828, citing Almanza v. State, 686 S.W.2d 157 (Tex.Crim.App.
1985)(op. on reh=g); Ulloa
v. State, 901 S.W.2d 507, 512 (Tex.App.--El Paso 1995, pet. ref=d); De La Paz v. State, 901
S.W2d 571, 580 (Tex.App.--El Paso 1995, pet. ref=d).  Rule 44.2(a) requires this Court to focus not
on the weight of other evidence of guilt, but on whether the error might have
prejudiced the jurors=
decision-making.  See Harris v. State,
790 S.W.2d 568, 587-88 (Tex.Crim.App. 1989). 
We must examine the source of the error, the nature of the error,
whether or to what extent it was emphasized by the State, and its probable
collateral implications.  Id. at
587.  Further, we must also determine
whether declaring the error harmless would encourage the State to commit the
error again with impunity.  Id.; see
Ulloa, 901 S.W.2d at 514.

In the instant
case, the State concedes the trial court erred in omitting the punishment
instruction, but argues that no harm beyond a reasonable doubt resulted from
the trial court=s omission
of the requested charge.  We are unable
to conclude beyond a reasonable doubt that no harm came to Appellant by the
trial court=s failure
to give the requested instruction. 








At the punishment
phase of Appellant=s trial,
the State presented one witness, Detective Gerald Humphrey of the El Paso
Police Department=s
Narcotics Division.  Mr. Humphrey
explained how Amules,@ individuals hired to smuggle drugs
into the country, are given small amounts of drugs at the start.  Once they gain the confidence of the dealers,
they are given bigger loads to smuggle into the country.  Mr. Humphrey testified that the value of
ninety-three pounds of marijuana was approximately $23,000, and that based on
his experience, this was an average size load.

Though Appellant
did not testify at the punishment hearing, she did offer the testimony of her
sisters, Blanca and Corral Ruiz, and Probation Officer Rebekah Mejia.  Blanca Ruiz testified that Appellant is a
single mother with three children, ages ten months, two, and four.  Ms. Ruiz stated that Appellant was a very
responsible and good mother.  Ms. Ruiz
stated that she and the Appellant lived together and helped each other with
caring for their children.  Ms. Ruiz had
never known Appellant to be in trouble with the law, arrested for any reason,
or ever convicted of a felony.  Ms. Ruiz
asked the jury to consider probation and to give her a chance to do something
good in her life and for her children who need her.  Appellant=s
sister, Corral Ruiz, also testified that Appellant was a great mother to her
children, has never been in trouble, and that her children needed her.  Ms. Corral Ruiz also stated that Appellant
was a great student, but left school when she became pregnant.








Probation Officer
Rebekah Mejia explained to the jury the possible terms and conditions of
community supervision.  The State
cross-examined Ms. Mejia as to how closely a probationer is supervised after
being released into the community.  Ms.
Mejia testified that the average probation officer handles an average case load
of 190 probationers.  She acknowledged
that many drug offenders stop reporting to their probation officer over a
period of months, quit paying their financial obligations, and stop performing
their community service requirements.  On
redirect examination, defense counsel asked Ms. Mejia what were some of the
indicators that an individual will be a good probationer and make it through
the program.  Ms. Mejia replied that she
looks at their willingness to comply with the conditions of probation, whether
they are sorry for their offense and their situation, whether it is an instant
offense, and if they have never before been in trouble.

In her closing
argument, the State prosecutor argued in pertinent part as follows:

The probation officer came up before
you and told you that, yes, people are placed on probation, and I believe her
words were they actually do well when they=re
sorry for the offense that they committed. 
And defense counsel tried to solicit out of her that numerous people are
placed on probation, that they plead in front of the judge, and yes, they
plead.  They acknowledge that they did
something wrong and they come before the judge and they say, >I did something wrong, and please I
will now change.=

 

Appellant=s
counsel objected, arguing that the State was commenting on Appellant=s right not to testify in the
punishment phase.  The trial court
overruled the objection.  The State
prosecutor then argued as follows:

She has admitted no guilt for this
offense.  She has not taken
responsibility for this at all.  Other
people come up here and they take responsibility for the wrongs they have
committed.  She has not done that.  And I ask you to take that into consideration
when you go back to the jury room.  She
took no responsibility for what she did.

 

Appellant=s
counsel again objected on grounds that the State was commenting on Appellant=s right not to testify and this
objection was overruled.

At the close of
final argument, the prosecutor asked the jury to consider imposing a sentence
of two years=
confinement, rather than the maximum sentence of twenty years.  The jury, however, assessed Appellant=s punishment at confinement for a
period of three years and six months.








At the punishment
phase, the State introduced evidence from Detective Humphrey on the use of Amules@
to smuggle marijuana into the United States. 
Detective Humphrey indicated that in his opinion this was an average,
rather than small load, which the State suggested was support for the inference
that Appellant had committed a similar offense in the past without arrest.  We find that the State=s
evidence placed Appellant in a position in which the jury would expect her to
counter the State=s
assertion that she had smuggled marijuana in the past.  The State=s
closing argument concerning Appellant=s
failure to take responsibility for the offense or to plead as others do, i.e.
to state, A>I did something wrong, and please I
will now change=@ emphasized the trial court=s error.  We also find that the two punishment witnesses
who testified about Appellant only raised the jury=s
expectation to hear similar evidence of contrition directly from Appellant,
which increased the already substantial risk that it would penalize Appellant
for her silence.  See Ulloa, 901
S.W.2d at 513.  We cannot conclude beyond
a reasonable doubt that the error here did not contribute to the sentence
received.  Accordingly, we sustain
Appellant=s Issue
One.  Since Issue One is dispositive, we
do not address Appellant=s
remaining issues.

We reverse the
trial court=s
judgment and remand the cause to the trial court for a new sentencing
proceeding only.  See Tex.Code Crim.Proc.Ann. art.
44.29(b)(Vernon Supp. 2003).

 

 

 

March
20, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)